### In re TUCKER CONSTRUCTION CORPORATION, Debtor.

**Bankruptcy No. 82–00176.**

United States Bankruptcy Court,
D. Vermont.

Feb. 25, 1983.

Jerome I. Meyers, Springfield, Vt., for Victor P. Jarvis.

Melvin D. Fink, Ludlow, Vt., for debtor.

### MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Application of Victor P. Jarvis, one of the petitioning creditors, filed by his attorney, Jerome I. Meyers, Esquire, on December 20, 1982, to have Oliver Tucker, Jr., and Barbara Johnston adjudged in contempt of this Court for failure to produce certain documents at a deposition of them held November 30, 1982 came on for hearing, after notice, with the following appearances:

Jerome I. Meyers, Esquire, for Victor P. Jarvis;

Oliver F. Tucker, Jr., President of the Debtor, and Melvin D. Fink, Esquire, its attorney.

■ The Petition for Contempt is predicated upon the failure of Oliver Tucker, Jr., and Barbara Johnston to produce certain records in response to a subpoena deuces tecum at their deposition taken at the offices of Jerome I. Meyers, Esquire, Springfield, Vermont, on November 30, 1982. In addition, it is alleged that they failed to produce the records at the first meeting of creditors held on December 6, 1982 as they had promised to do at the deposition taken November 30, 1982.

The original deposition of Oliver Tucker, Jr., has been furnished to the Court and it was filed on January 18, 1983. Although Witness Tucker did testify in this deposition that he would produce these records at the first meeting of creditors the deposition was modified in writing under oath by Tucker by indicating that it was the intent of his testimony that he would undertake to locate the documents in the boxes which were then and there available and search any other papers to locate those items. This sworn written statement by Tucker was filed on January 18, 1983 and it further contains a statement under oath that he has searched the records and produced all of the items that Tucker Construction Corporation has or had turned over to the Trustee who has been appointed by the Court in this proceeding.

This Court has read the entire deposition of Oliver Tucker, Jr., taken by the Attorney for the Petitioning Creditors and it has no reason to doubt any of the responses made by him to the questions propounded by Attorney Meyers and also by Lawrin P. Crispe, Esquire, who represented Blue Rock Industries, a creditor, at the taking of this deposition.

There may have been some delay in the furnishing of the records and documents requested by the Attorney for the Petitioning Creditors but it seems clear that these records were contained in boxes and they could not be readily identified without some time spent in searching out the particular papers requested. The Court is also satisfied that none of the records demanded by the Petitioning Creditors, if in fact they were in the possession of the Debtor or of either Oliver Tucker, Jr., or Barbara Johnston, have been intentionally withheld. Witness Tucker also seems to have responded to all questions asked in a forthright manner.

It is not unusual that the financial records of an insolvent corporation become disarrayed, especially when funds are not available with which to hire competent bookkeepers or accountants. The testimony of Tucker bears out the fact that the Debtor was hopelessly insolvent so much so that it could not repay loans to the debtor made by him or by other corporations in which he was a principal.

■ Generally failure to comply with a subpoena to produce books, papers or documents can constitute contempt. Thus, a corporation officer who unjustifiably refuses to comply with a subpoena calling for corporation records in his control commits a contempt. *Underscoring supplied.* 17 Am. Jur.2d 44 § 39. As noted, the key word is "unjustifiably". And the inability of an alleged contemnor, without fault on his part, to render obedience to an order or decree is a good defense to a charge of contempt. 17 Am.Jur.2d 53 § 51.

Tucker and Johnston may not have produced the records as rapidly as the petitioner may have desired them because of their inability to do so but the Court is satisfied that they were not guilty of such contumacious conduct as to warrant punishment or sanction.

### ORDER

Upon the foregoing,

IT IS ORDERED that application of Victor P. Jarvis, petitioning creditor, that Oliver Tucker, Jr. and Barbara Johnston be adjudged in contempt is hereby DENIED.